UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>    Plaintiff               )<br>v.                                   )<br>                                     )<br>LOI VAN NGUYEN          )<br>    Defendant             )<br>                                   ) | CASE NO. MJH 03 869-MBB |

### DEFENDANT LOI VAN NGUYEN'S MEMORANDUM IN SUPPORT OF PRE-TRIAL RELEASE

#### I. PROCEDURAL HISTORY

On or about July 14, 2003, Loi Van Nguyen (Nguyen) was charged Money Laundering, in violation of 18 U.S.C. §1956(A)(3)(b) and 2. His Detention/Release Hearing is presently scheduled for January 15, 2004. Nguyen, by way of proffer and argument, now seeks release upon appropriate conditions.

#### II. STATEMENT OF PURPOSE

This Memorandum is submitted to provide the Court with sufficient information to place the accused, and the accusations, in context. Toward that end, various letters written by family and friends expressing their thoughts and opinions of the Defendant are attached hereto collectively as Exhibit 1.

## III. BACKGROUND OF DEFENDANT

Loi Van Nguyen is a 34-year-old male and citizen of the Vietnam who, until being temporarily detained for the within matter, resided in Medford and Dorchester, Massachusetts with his girlfriend of twenty years, Christy Tran, their natural child, Tommy, 6 years old. Christy Tran is a naturalized citizen of the United States and Tommy Nguyen is a citizen of the United States. The Defendant is here legally as a Permanent Resident and his status remains current. Until detained, Loi Van Nguyen worked as a temporary employee at D&N Labor Services in Dorchester, Massachusetts where he has been working for the past year. If released, he plans to continue to work and support his family. Prior to his arrest, the Defendant was largely the "breadwinner" of his family, and he periodically sent support money to his parents in Vietnam.

Nguyen has a prior criminal record, however, he successfully completed all conditions of probation including checking in with the Probation Department as required for a period of four (4) years. It is anticipated that upon his release upon appropriate conditions, he will continue to live with his girlfriend and son, in Dorchester, MA, maintain his employment and prepare for trial.

## IV. LEGAL FRAMEWORK

18 U.S.C. §3141, et seq., is entitled Release and Detention Pending Judicial Proceedings and controls herein. 18 U.S.C. §3142, mandates the "Pre-Bail Reform Act of 1984" ("The Act") presumption that release shall be ordered upon personal recognizance or upon unsecured appearance bond "for the majority of Federal defendants." United States v. Berrios-Berrios, 791 F.2d 246, 250 (2nd Cir 1986) quoting S. Rep. at 3189. The legislative history of "The Act"

makes clear that detention "is to be the exception, rather than the rule." U.S. v. Holloway, 781 F.2d 124, 125 (8th Cir. 1986) quoting pp. 3-7 from S.Rep. at 3189.

Pre-trial detention is authorized only upon proof by the Government that no condition or combination of conditions will either reasonably assure the appearance of the Defendant as required, (standard of proof "by a preponderance of the evidence" for risk of flight) or will reasonably assure the safety of any other person and the community, 18 U.S.C. §3142(f) (standard of proof by "clear and convincing evidence" for continuing danger index).

The federal judicial officer must impose the least restrictive bail conditions necessary to ensure public safety assuming, arguendo, that release on personal recognizance or unsecured appearance bond will not provide adequate assurances. 18 U.S.C. §3142 (c); U.S. v. Himler, 797 F.2d 156, 161. Section 3142(c) sets out a list of possible conditions which a judicial officer may impose, while Section 3142(g) sets out factors to consider in determining whether any of the aforementioned conditions will in fact reasonably assure safety or appearance.

It is respectfully suggested that the arguments contained in the following sections compel the conclusion that Loi Van Nguyen is an excellent candidate for release upon personal recognizance or an appropriately collateralized appearance bond in combination with stated conditions.

## IV. ARGUMENT

### A. NGUYEN POSES NEITHER A DANGER TO THE SAFETY OF THE COMMUNITY OR ANY PERSON THEREIN NOR A RISK OF FLIGHT.

Loi Van Nguyen is portrayed as a hardworking, loving, supportive father and member of the community in the attached letters from his, family and friends. As his girlfriend and the couples' son are citizens of the United States, and have established firm roots in the United States and their community, and the Defendant is an essential presence and support in their lives, Nguyen poses neither a risk of flight nor a danger to the community should he be released. If released, as stated above, the Defendant plans to reside in Medford with his family, awaiting the trial that will clear his name and permit him to resume his life.

Certain of the people who attested to the character of Loi Van Nguyen are expressing their faith and trust in him in another fashion as well; one of these individuals are willing to serve as surety/guarantor for him to secure his release. These actions by the individuals who know him best -- of pledging their own assets and willingness to act as third party custodian/sureties -- are, along with the support reflected in the attached letters, are a strong indication of the significant support for him and relate to the likelihood/certainty of his appearance for trial and the utter lack of continuing danger he poses, particularly if released upon the conditions suggested, infra.

The Government will presumably refer to another of the statutory factors used to assess conditions of release, to wit, the nature and circumstances of the offense charged and the weight of the evidence against the person. 18 U.S.C. §3142(g)(1), (2). Although it is premature to rebut and defend effectively without, inter alia, the bulk of the anticipated discovery, undersigned

4

counsel respectfully suggests that the instant charge is readily defensible on several grounds, particularly as Nguyen made no narcotics sales to undercover agents, and he has made no move to flee the jurisdiction nor otherwise exhibited consciousness of guilt.

The reasoning in the case of United States v. Miller, 625 F. Supp. 513 (D. Kan. 1985) is instructive in the present matter. Phillip Miller was charged with a multi-count indictment alleging Continuing Criminal Enterprise, as well as drug charges and use of a telephone to facilitate the commission of felony offenses. He was ordered detained by a Magistrate Judge, which order was revoked upon de novo review by the District Court, and he was released on bond. In addition to relying upon the indictment to establish a continuing danger to the community at the detention hearing, the Government called three witnesses who testified to continuously buying significant amounts of cocaine at various times from the defendant over a four year period. In revoking the detention order, the Miller Court held that:

> To the extent that the government argues and the magistrate found that the single fact there is probable cause to believe defendant was engaged in a continuing criminal enterprise supports the inference he will return to his criminal activities and should therefor be detained, this court emphatically rejects that notion. Nothing in the legislative history supports that idea, and to hold otherwise would flout the express legislative mandate of §3142(g), quoting U.S. v. Moore, 607 F.Supp. 489, at 518-519 (N.D. Cal. 1985); U.S. v. Miller, Id. at 524... Convincing evidence to support the belief defendant was engaged in a continuing criminal enterprise and that he used a telephone to facilitate commission of a felony...and that he was in possession of cocaine with intent to distribute does little to establish a risk of recidivism other than the degree to which that inference arises from the statutory presumption. U.S. v. Miller, Id. at 525.

The Miller court went on to say that, since the defendant therein had rebutted the presumption through evidence of good character, the belief of others that he is not a danger to the community, and proof of personal and financial ties to the community, "the rebutted presumption was therefore entitled to minimal weight, "U.S. v. Miller, Id. at 525. And, as the Court noted,

conspicuous by its absence was any actual testimony stating that the defendant would resume criminal activities if released.

Similarly, in <u>United States v. Carbone</u>, 793 F.2d 559, 561 (3rd Cir. 1986), the defendant, Adolph "Butch" Carbone was held, by the Third Circuit affirming the judgment of the District Court, to have met his burden of producing evidence under §3142(g) by providing evidence relating to character, family ties and employment to rebut the statutory presumptions.

The collective evidence presented by the foregoing substantially outweigh any evidence to the contrary. The Prosecutor has clearly failed to sustain its burden of persuasion to detain. If released, Nguyen is going nowhere other than to work, to his home, or to his attorneys offices, and as suggested, <u>infra,</u> there are conditions available to secure his presence in Court.

Accordingly, your undersigned respectfully requests that Nguyen be released upon the following conditions:

1. A recognizance bond of $100,000, which could be realized through equity in the ~~friend~~ Surety's home.

2. Remain in the third party custody of his long term girlfriend, Christy Tran, who resides in Dorchester along with the couple's son and who agrees to report any violation of release conditions;

3. Participate in an electronic monitoring program, when not working or otherwise permitted to be outside the stipulated abode;

4. Maintain employment on the terms stipulated by the Court;

5. Remain within the District of Massachusetts;

6. Agree to have his phone consensually monitored at the home in Dorchester, Massachusetts;

7. Agree to surrender his passport and not to apply for any substitute for his seized passport;

8. Avoid all contact with potential witnesses;

9. Report on a regular basis to Pre-Trial Services, either in person or by phone, as often as is required.

It is respectfully suggested that ordering Nguyen's release upon the conditions above constitutes the most just resolution of all competing positions. Were he an American citizen, there is no question that he would be released. That, as a citizen of Vietnam who is willing to submit to and abide by the foregoing in the context of this case should have the same result, particularly when other of the defendants, including non-citizens, have been released on conditions far less onerous than those proposed, above.

> Respectfully submitted
> Loi Van Ngyuen
> By His Attorney,
>
> Raymond Sayeg, BBO #555437
> Law Offices of Raymond Sayeg
> Four Longfellow Place, 35th Floor
> Boston, MA 02114
> (617) 742-1184

Dated: January 14, 2004

### CERTIFICATE OF SERVICE

I, Raymond Sayeg, hereby certify that a true and exact copy of the foregoing Notice of Appearance was served this 14th day of January, 2004, by Hand Delivery upon United States District Attorney, Laura Kaplan, U.S. Attorneys Office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Raymond Sayeg

7